IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELISSA PATTEE,                           Civil No. 6:13-cv-01604-TC

      Plaintiff,                           FINDINGS AND RECOMMENDATIONS

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

     Defendant.

---

COFFIN, Magistrate Judge:

Plaintiff, Melissa Pattee, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. For the reasons set forth below, I recommend that the Commissioner's motion for remand be granted, and the decision reversed and remanded for further proceedings.

1 - FINDINGS AND RECOMMENDATIONS

BACKGROUND

Plaintiff filed her applications for DIB and SSI benefits on April 12, 2010, alleging disability since February 10, 2010, due to breast cancer followed by a mastectomy and subsequent neuropathy of her hands and left foot; a mild disc bulge of the lumbar spine; and post-traumatic stress disorder, depression, and anxiety. Tr. 13-14, 40, 179-84. Her applications were denied initially and on reconsideration. Tr. 72, 77, 88, 98. After timely requesting a hearing, plaintiff and a vocational expert (VE) appeared and testified before an administrative law judge (ALJ) on December 13, 2012. Tr. 34-64, 124-25. On December 21, 2012, the ALJ issued a decision that plaintiff was not disabled within the meaning of the Act. Tr. 8-25. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 1. Plaintiff now seeks judicial review. 42 U.S.C. § 405(g).

Plaintiff was 36 years old at the time of the ALJ's decision. Plaintiff was educated through eleventh grade and has past relevant work as a flagger and pizza restaurant manager. Tr 23, 49-50.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable

2 - FINDINGS AND RECOMMENDATIONS

mind might accept as adequate to support a conclusion."
Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting
Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
The court must weigh "both the evidence that supports and detracts
from the [Commissioner]'s conclusions." Martinez v. Heckler, 807
F.2d 771, 772 (9th Cir. 1986).

## DISCUSSION

Plaintiff argues that the ALJ erred in the following respects:
1) failing to give sufficient reasons to reject the opinion of
examining physician, Dr. Jerome S. Gordon, Ph.D; 2) failing to give
sufficient reasons to reject plaintiff's complaints; and 3) failing
to find that the vocational expert's testimony was inconsistent
with the *Dictionary of Occupational Titles* (DOT). Pl.'s Br. at 1.
The Commissioner concedes that the ALJ erred in accepting the
vocational expert's testimony without receiving an explanation for
any conflicts with the DOT.

However, the Commissioner does not concede that the ALJ failed
to provide sufficient reasons to reject the Dr. Gordon's opinion
and her subjective complaints. Rather, the Commissioner moves for
remand of the case for further proceedings to properly evaluate the
vocational expert's testimony as it relates to the DOT and to
further evaluate the medical record and plaintiff's residual
functional capacity. Plaintiff, on the other hand, argues that her
testimony and the opinion of Dr. Gordon must be credited as true.

3 - FINDINGS AND RECOMMENDATIONS

If such evidence is credited, plaintiff argues that the record establishes disability within the meaning of the Act and a remand for benefits would be appropriate. Thus, the issue in this case is whether to reverse and remand for further administrative proceedings or to find plaintiff disabled and remand for benefits.

I agree that the ALJ erred by failing to allow an opportunity for the vocational expert to explain her inconsistency with the DOT. However, I find that outstanding issues do not warrant crediting Dr. Gordon's opinion and plaintiff's testimony as true. Therefore, I recommend that this matter be remanded for further administrative proceedings.

A. Plaintiff's Credibility

Plaintiff contends that the ALJ failed to articulate sufficient reasons for rejecting her subjective complaints concerning the severity of her impairments and therefore, her allegations should be credited as true. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms that claimant complains of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)(internal citations omitted).

An ALJ's general assertion that a claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." <u>Orteza v. Shalala</u>, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002)(internal citation omitted).

I agree with the Commissioner that the record does not support crediting plaintiff's complaints as true. At the hearing, plaintiff testified that she is unable to return to her vocation as a flagger because of pain and numbness in her hands. Tr. 50. Plaintiff testified that she has "constant" numbness in her hands and left foot. Tr. 40. She testified, "Sometimes they burn. I get like electrical shocks in my fingers, and my one foot is kind of funky. I don't know what's wrong with it, but it's all swollen and it's always kind of numb also." <u>Id.</u> Plaintiff also testified that her back "hurts right where the break is" and that it causes numbness. Tr. 46. With regard to her mental health, she testified that when she is around people in public she is "nervous" and feels

5 - FINDINGS AND RECOMMENDATIONS

"humiliated, embarrassed." Tr. 43. Plaintiff stated that it is hard to focus, that she is depressed, and that she cries constantly. Tr. 44.

After summarizing plaintiff's hearing testimony, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce claimant's reported symptoms; however, the ALJ found that the statements were "not entirely credible" because: (1) no objective medical evidence supported her claims of neuropathy; (2) plaintiff's conservative treatment for her back did not support the severity of her pain; and (3) evidence of plaintiff's daily living contradicted her alleged mental health limitations. Tr. 19-22.

With regard to plaintiff's alleged neuropathy, the ALJ provided specific reasons that her complaints were not as severe as alleged. See Thomas, 278 F.3d at 959 (upholding the ALJ's finding that no objective medical evidence supported claimant's descriptions of pain as a clear and convincing reason weighing in favor of discounting claimant's testimony). For example, no objective medical findings support plaintiff's complaints. The record indicates on numerous occasions that plaintiff tolerated chemotherapy and radiation treatment well, with no notation of objective evidence of neuropathy as a side effect. See, e.g., Tr. 446-47, 453. Aside from plaintiff's subjective complaints of

neuropathy, notes from her doctor's examinations do not indicate objective signs of neuropathy.   As the ALJ found, "claimant's muscle strength of the bilateral upper and lower extremities was five out of five."  Tr. 20, 460.  In 2011, Dr. Glenn S. Buchanan, M.D. conducted an examination and found that plaintiff was in no acute distress and that her physical exam was within normal limits. Tr. 441.   In 2012, Dr. Buchanan noted that plaintiff was "doing well" and presented with "no evidence of recurrent disease."  Tr. 570.   Although neuropathy is noted in the doctor's report, no objective medical signs were reported.  Id.  From this evidence, the ALJ found that plaintiff's neuropathy was not as severe as alleged.

With regard to plaintiff's back pain, the ALJ noted that claimant had an MRI of the lumbar spine in 2011, which indicated a "compression deformity of L1 and a mild disc bulge of L4-L5 with a small posterior annular tear."  Tr. 20.  However, the ALJ found that plaintiff underwent only conservative treatment for her back problem, and concluded that her impairment was not as severe as she claimed.  Tr. 21.  Plaintiff sought treatment, and Dr. Andrew J. Kokkino, M.D., indicated that her compression fracture was stable, would not require surgery, and would require no follow-up with him. Tr. 457.  Furthermore, plaintiff's pain was controlled with Oxycodone.  Tr. 466.

Likewise, the ALJ found that "the severity of the claimant's mental allegations is not supported by the objective findings of record." Tr. 21. The ALJ stated that the record of plaintiff's daily activities did not support the severity of plaintiff's subjective complaints of limitations created by her mental health symptoms. "In reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009).

Indeed, plaintiff testified that she was involved with her daughter's school. Tr. 42. She was able to do grocery shopping and drove to her appointments. Tr. 47-48. She took her daughter to socialize with her neighbor and neighbor's daughter. Id. She also testified that she enjoyed decorating her house. Tr. 45. Based on the foregoing activities, the ALJ found that this testimony contradicted her testimony about her mental health limitations. Tr. 22.

Therefore, given the inconsistencies in the record and the ALJ's findings, the credit-as-true rule is not appropriate.

B. Assessment of Dr. Gordon's Opinion

Plaintiff also argues that the ALJ improperly rejected the opinion of psychologist, Dr. Jerome S. Gordon, Ph.D. Dr. Gordon

administered a psychological evaluation of plaintiff on June 9, 2012 and reported a diagnosis of post-traumatic stress disorder, major depressive disorder that was in partial remission, dementia not otherwise specified (NOS), potentially related to her cancer treatment, and personality disorder NOS, with paranoid and avoidant features. Tr. 547, 552. To arrive at his conclusions, Dr. Gordon conducted psychological testing and evaluated plaintiff's self-reporting of her symptoms. Tr. 547.

Dr. Gordon administered the Repeatable Battery for the Assessment of Neuropsychological Status (RBANS) test assessing areas of memory, attention, and concentration. Id. While plaintiff showed impairment of delayed memory, Dr. Gordon noted that plaintiff did not demonstrate comparable impairment in areas of attention, concentration, learning, or remembering. Id. Dr. Gordon opined that plaintiff would experience "significant difficulty remembering and carrying out instructions, even simple ones." Tr. 552. Furthermore, Dr. Gordon noted that the MMPI-1 test revealed that plaintiff "showed a pattern of over-reporting that might be related to feeling significant psychological distress, trying to exaggerate her symptoms perhaps as a way of getting further help or malingering." Tr. 551. Additionally, Dr. Gordon noted that plaintiff's symptoms related to depression and anxiety may be over-reported. Id. Ultimately, Dr. Gordon gave plaintiff a score of 48 on her global assessment of functioning

9 - FINDINGS AND RECOMMENDATIONS

(GAF).

The ALJ reviewed Dr. Gordon's evaluation, but ultimately gave "only some weight to the opinion" for a number of reasons. Tr. 23. The ALJ afforded less weight to the examining physician's opinion due to his reliance upon plaintiff's discredited subjective complaints, and his finding that plaintiff's daily activities were inconsistent with her alleged limitations. Tr. 21, 23.

To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons for doing so, supported by substantial evidence in the record. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996). Generally, a treating physician's opinion is given more weight than an examining physician, and an examining physician's opinion is given more weight than a reviewing physician. Holohan v. Massanari, 246 P.3d 195, 1202 (9th Cir. 2008); 20 C.F.R. §§ 404.1527(c),416.927(c). The ALJ offers "specific and legitimate" reasons for rejecting a physician's opinion where it relies on claimant's discredited subjective complaints, inconsistency with medical records, or a claimant's daily activities. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

Although plaintiff argues that this court should credit Dr. Gordon's opinion as true, I find that the ALJ's interpretation

raises outstanding issues regarding disability. First, Dr. Gordon relied on plaintiff's subjective complaints to support his diagnoses. Tr. 547-50. Where the ALJ has validly discounted the claimant's subjective complaints, the ALJ can reject a physician's opinion if that opinion is premised on those complaints. Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005). That Dr. Gordon arrived at a diagnosis of post-traumatic stress order, et al, after only one interview supports the conclusion that Dr. Gordon relied heavily on plaintiff's subjective complaints.

Furthermore, the ALJ explained that the GAF score of 48 was also based upon one visit and was not "determinative of the claimant's functioning over a period of time." Tr. 21. Similarly, the RBANS test revealed plaintiff's delay memory was impaired and was based on one test and visit. Tr. 551. However, plaintiff's regular therapist noted her immediate and delayed memory were both "good." Tr. 475. Plaintiff's weekly visits with her therapist over an eighteen-month period raise questions as to statements made after a single visit.

Additionally, the ALJ found that plaintiff's social activities did not support her alleged severity of impairment or Dr. Gordon's diagnosis and suggested limitations. Tr. 21. An ALJ may reject a physician's opinion where it conflicts with evidence regarding

claimant's daily activities.    Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 601-02 (9th Cir. 1999).

For example, plaintiff testified that, prior to her mother moving in with her, she took care of her daughter alone. Tr. 42. Plaintiff also testified that her mother moved in not because plaintiff needed help, but rather, because her mother's home was destroyed. Id. Furthermore, plaintiff testified she was involved with her daughter's school, and was able to attend Thanksgiving and Christmas parties despite her feelings of embarrassment. Tr. 42-43. She was able to do grocery shopping and drove to her appointments. Tr. 47-48. She took her daughter to socialize with her neighbor and neighbor's daughter. Tr. 48. Plaintiff testified that she enjoyed decorating the house and doing activities such as putting up new curtains. Tr. 45. Indeed, plaintiff's therapist noted that plaintiff's "action steps" to cope with her symptoms included activities such as going for walks, rock hunting, playing with her children, crafting, and playing in the river. Tr. 481-82.

I find that plaintiff's reported social activities provided substantial evidence weighing against Dr. Gordon's opinion. Therefore, I cannot find that his opinion warrants an award of benefits.

C. Motion for Remand

The Commissioner concedes that the ALJ committed legal error by relying on VE testimony without obtaining an explanation for the

12 - FINDINGS AND RECOMMENDATIONS

apparent inconsistency with the DOT.  Def.'s Br. at 5; see Massachi
v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007).  The ALJ found
that plaintiff's residual functional capacity would allow her to
perform light work, limited by occasional pushing and pulling with
overhead reaching with her left arm.  Tr. 18.  However, the three
positions proposed by the VE all require frequent reaching,
handling, and fingering of materials.  Pl.'s Br. at 28.

Therefore, because the Commissioner concedes to the
inconsistency, the remaining question is whether the ALJ's error
requires remand for further administrative proceedings or for
benefits.  "The decision whether to remand a case for additional
evidence or simply to award benefits is within the discretion of
the court."  Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.
1987)(citing Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985)).
Remand is appropriate where further proceedings would resolve
defects in the administrative proceedings.  However, where new
proceedings would simply serve to delay the receipt of benefits and
would not add to the existing findings, an award of benefits is
appropriate.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.
1989).  Further administrative proceedings are useful if the record
has not been adequately developed or a need to resolve ambiguities
exists.  Treichler v. Comm'r of Soc. Sec. Admin., 2014 WL 7332774
at *11, ___ F.3d ___ (9th Cir. Dec. 24, 2014).


13 - FINDINGS AND RECOMMENDATIONS

The Ninth Circuit has posited the following test for determining when an award of benefits is warranted:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting Smolen, 80 F.3d at 1292). In cases where the record is not fully developed or it is unclear from the record whether or not plaintiff is disabled, remand for additional proceedings is warranted. Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009). Furthermore, unless the plaintiff's disability is established, the court may not remand for the payment of benefits. Strauss v. Comm'r of Soc. Sec. Admin., 653 F.3d 1135, 1138 (9th Cir. 2011).

Of the three Harman factors, I find only the first is met. Outstanding issues exist that would be resolved with further proceedings. Here, given the ALJ's findings regarding Dr. Gordon's opinion and plaintiff's testimony, plaintiff has not legally established disability and outstanding issues remain. Furthermore, the vocational expert should be afforded an opportunity to explain the inconsistency with the DOT. In sum, outstanding issues must be resolved before a disability determination can be made. Therefore, I find that a remand for benefits is not appropriate.

CONCLUSION

For the reasons stated above, the Commissioner's decision should be REVERSED and REMANDED for further administrative proceedings.  On remand, the ALJ should hold a de novo hearing with an updated medical record, if available; evaluate plaintiff's medically determinable impairments at steps two and three; evaluate plaintiff's residual functional capacity through the relevant period; consider the medical opinion evidence; reassess plaintiff's credibility; obtain supplemental VE evidence; and ultimately, issue a new decision.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this _17_ day of February, 2015.

15 - FINDINGS AND RECOMMENDATIONS

Thomas M. Coffin
United States Magistrate Judge